UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FRANK TUFANO,<br><br>        Plaintiff,<br><br>   v.<br><br>GOOGLE LLC, et al.,<br><br>        Defendants. | Case No.  25-cv-10825-RFL<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 54 |

Google and Alphabet's (collectively, "Google") motion to dismiss is **GRANTED WITH LEAVE TO AMEND**.  Plaintiff premises his claims on Google allegedly "filter[ing] out all negative reviews" of Dr. Taban, including Plaintiff's negative review, which Google allegedly removed.  (*See* Dkt. No. 1-2 (the "Complaint") ¶¶ 4, 6.)  Google argues that Section 230 of the Communications Decency Act immunizes it from Plaintiff's claims.  Google "enjoys CDA immunity only if it is (1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider."[1]  *See Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1091 (9th Cir. 2021) (citation and quotation marks omitted).

All three elements are met here based on the allegations of the Complaint.  First, Google's review service is an interactive computer service.  Second, Google publishes the reviews on which Plaintiff bases his claims.  Third, third parties, and not Google itself, provide the reviews published by Google.

Plaintiff argues that "Google is not providing an interactive computer service that is solely dictated by third parties, [as it is] largely actively participating in ensuring it's [sic]

---

[1] Section 230 immunity applies to both state law and federal law claims.  *See Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100 n.4 (9th Cir. 2009).

1

content caters to the interests of [its] inside business deals with corrupt wealthy lunatics." (Dkt. No. 59 ¶ 4.) But Plaintiff offers no particular allegations describing any such active conduct by Google. Instead, Plaintiff describes Google filtering out or removing negative reviews. That is precisely the kind of conduct insulated under Section 230. *See Doe 1 v. Twitter, Inc.*, 148 F.4th 635, 643 (9th Cir. 2025) ("[A]ny activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230." (citation omitted); *see also Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1163 (9th Cir. 2008) (under Section 230, "Congress sought to immunize the *removal* of user-generated content" (emphasis in original)).

Plaintiff also argues that Section 230 does not apply because Google did not act in good faith. Google counters that no good faith requirement applies because it invokes immunity under Section 230(c)(1), which, unlike Section 230(c)(2), does not require good faith. It is not clear, however, whether Section 230(c)(1) affords immunity for the removal of content. *See Al-Ahmed v. Twitter, Inc.*, 648 F. Supp. 3d 1140, 1161 (N.D. Cal. 2023). The Court need not reach the issue because, even if Google could seek immunity only under Section 230(c)(2) (with its good faith requirement), Plaintiff offers no non-conclusory allegations that Google acted in bad faith. He alleges that Google "conspir[ed]" with Dr. Taban (*see* Complaint ¶ 8), but he provides no factual basis for this belief other than that he disagrees with Google's decision to delete his negative review. That is insufficient to plead a lack of good faith. *See, e.g.*, *Ayyadurai v. United States*, No. 23-cv-03766-CKK, 2026 WL 879409, at *7-8 (D.D.C. Mar. 31, 2026).

Dismissal is with leave to amend because Plaintiff may be able to offer allegations elaborating on his position that Google played a more active role beyond merely filtering out negative reviews. If Plaintiff wishes to file an amended complaint correcting the deficiencies identified in this Order, he shall do so by **June 8, 2026**. The amended complaint may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15. If Plaintiff does not file an amended complaint, all of his claims will be

dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: May 6, 2026

RITA F. LIN
United States District Judge